IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO PROSISE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. 3:08CR22
Civil Action No. 3:09CV375

**MEMORANDUM OPINION**

Antonio Prosise ("Prosise" or "Petitioner") filed a motion pursuant to Title 28, United States Code, Section 2255, attacking his 2008 conviction and sentence for conspiracy to possess with intent to distribute cocaine base (Docket No. 29). The government responded (Docket No. 32), the time during which Petitioner could file a reply passed, the government thereafter filed an affidavit, supplementing its initial response (Docket No. 35), and this matter is ripe.

I. Procedural History

Initially, a Criminal Complaint was filed against Prosise on July 12, 2007. Prosise retained Robert Edley, Jr. to represent him. Edley filed several motions on behalf of Prosise, and several hearings took place. Then, on January 14, 2008, a Criminal Information was filed against Prosise. On March 10, 2008, Prosise pled guilty pursuant to a written Plea Agreement and a written Statement of Facts to the one-count Criminal Information after executing a waiver of indictment. The Court accepted the plea as knowing and voluntary, found Prosise guilty, and scheduled the sentencing for June 12, 2008.

On that date, the Court sentenced Prosise to 120 months of imprisonment, the statutory mandatory minimum sentence for the offense to which he pled guilty. At the sentencing hearing, the Court noted that Prosise had waived his right to appeal but nevertheless advised Prosise of his right to appeal. No notice of appeal was filed.

On March 24, 2009, the Court received a pro se motion from Prosise entitled "Motion 28 U.S.C. 1651" challenging his sentence. By Order dated May 6, 2009, the Court dismissed the motion as an improper procedural vehicle for challenging his federal conviction and sentence. The Court advised Prosise of his right to appeal that order and also advised him that the Court would process a request for relief under 28 U.S.C. § 2255 upon receipt of the properly completed forms seeking such relief. Thereafter, the present Section 2255 motion was timely submitted.

## II. Legal Analysis

Although they are both listed under "ground one" on the Section 2255 form, Prosise lists two separate claims for relief:

1. Claim One: In the first claim, Prosise argues that his attorney provided ineffective assistance of counsel by failing to object to: (1) the United States' decision to not request a reduction pursuant to U.S.S.G. § 2D1.1(b)(11) and U.S.S.G. § 5C1.2(a) and (2) the United States' failure to move for a downward departure based on substantial assistance. With regard to this first claim, Prosise claims that the United States "violated the plea agreement" and that "retained counsel made no effect [sic] to enforce the plea agreement."

2. Claim Two: In the second claim for relief, Prosise contends that his counsel provided ineffective assistance by failing

to file an appeal "after being told to do so." Section 2255 Motion, at 4.

In order to gain relief under 28 U.S.C. § 2255, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). A federal district court is authorized to grant relief only if it determines that the challenged sentence resulted from a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424 (1962).

The standard applicable to claims of ineffective assistance of counsel is that required by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court established a two-prong test for determining whether the assistance of counsel was so deficient as to require reversal of a conviction. First, a petitioner must establish that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 687-88. Second, he must establish that the deficient performance of counsel prejudiced the defense. He must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. Prosise bears the burden of showing prejudice. Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991) ("This is no insubstantial burden . . . .").

3

With regard to Claim One, Prosise is incorrect, factually and legally. First, the United States did not breach the Plea Agreement with Prosise. The Plea Agreement contained Paragraph 15 which stated:

> The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

Plea Agreement ¶ 15 (Docket No. 17). This paragraph makes it clear that the decision of whether or not to request a downward departure or reduction of sentence is within the <u>sole discretion</u> of the United States. On page four of the memorandum in support of his Section 2255 motion, attached to his motion and entitled "Statement of Facts," Prosise recognizes that the decision with regard to a request for a downward departure or a reduction of sentence is within the sole discretion of the United States when he addresses paragraph 15 and refers to the "sole discretion" of the United States set forth therein.

It is clear that the United States never promised a downward departure and never committed to not opposing Prosise's request for one. The United States did interview Prosise in anticipation of using his testimony at a jury trial against Ray Prosise, but the United States chose not to call Prosise as a witness because it did not think that the information he provided was completely truthful.

This was also the reason the United States did not request a downward departure; it did not believe that Prosise had truthfully provided all of the information about the offense or offenses that were part of the same course of conduct. See Response of the United States to Defendant's Objection to the Presentence Report, at 1 (Docket No. 22). This decision - whether or not to seek a downward departure - was within the sole discretion of the United States and was consistent with the Plea Agreement. Therefore, the United States did not breach its Plea Agreement with Prosise, and Prosise's attorney was not ineffective in his purported failure to "enforce" the Plea Agreement.

Further, although Prosise claims that counsel was ineffective by failing to object to the United States' decision not to request a reduction pursuant to U.S.S.G. § 2D1.1(b)(11) and U.S.S.G. § 5C1.2(a), Prosise is incorrect again. While Prosise's counsel could do nothing to "enforce" the Plea Agreement as discussed previously herein, his counsel did, in fact, object to the failure of the United States to request a reduction pursuant to U.S.S.G. § 2D1.1(b)(11) and U.S.S.G. § 5C1.2(a). On May 19, 2008, prior to the sentencing, defense counsel filed "Defendant's Objection to Presentence Report" (Docket No. 21). In that document, defense counsel argued that Prosise had "provided complete and truthful information to the Government concerning the offense," that he had "met with the Government on at least three occasions," and that he had "cooperated

fully with the Government and provided complete and truthful explanations of any differences between the information he provided and information provided by others." Defendant's Objection to Presentence Report, at 2. Defense counsel argued that the "safety valve," Section 5C1.2(a), and the corresponding two-level reduction pursuant to Section 2D1.1(b)(11) should apply to Prosise. The government opposed the objection. (Docket No. 22). Having read and considered the objection and the response, at the sentencing hearing the Court ruled on the objection, denying it and sentencing Prosise to the mandatory minimum sentence of 120 months. See Transcript of Sentencing Hearing held on June 12, 2008 (Docket No. 26). Accordingly, Claim One is without merit and will be dismissed.

As to Claim Two - Prosise's allegation that his counsel was ineffective by failing to file an appeal - the analysis is slightly modified. The Fourth Circuit has held "that a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel is not absolved of his duty to file a requested notice of appeal by a waiver of appeal rights in a plea agreement. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

The government stated in its initial response that it had

6

attempted to contact defense counsel Edley by telephone and electronic mail to ascertain the validity of Prosise's claim that counsel refused to honor his request to file a notice of appeal, but that it had been unsuccessful in its attempts to contact Edley. Thereafter, the government was able to locate Edley, and the government recently submitted an affidavit from Edley regarding his failure to file an appeal. In the affidavit, Edley states, "At no time did Prosise request that I file a notice of appeal."

An attorney's failure to file a requested appeal is per se ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 483-86 (2000). As noted, this is true even if the defendant has waived his right to appeal. United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. Such is the case here.

Although counsel denies that Prosise requested that a notice of appeal be filed, when, as here, "a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992) (citing Becton

7

v. Barnett, 920 F.2d 1190, 1192 (4th Cir. 1990)). Thus, this claim will be referred to a magistrate judge for an evidentiary hearing.

### III. Conclusion

For the foregoing reasons, Claim One is without merit and will be dismissed, and Claim Two will be referred to a magistrate judge for an evidentiary hearing.

An appropriate Order shall issue.

Date: July 17, 2011          /s/          REP
Richmond, Virginia    Robert E. Payne
                      Senior United States District Judge