IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANTONIO PROSISE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. 3:08CR22
Civil Action No.    3:09CV375

## MEMORANDUM OPINION

Antonio Prosise, a federal prisoner, filed this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") attacking his 2008 conviction and sentence for conspiracy to possess with intent to distribute cocaine base. (Docket No. 29.) In his § 2255 Motion, Prosise makes the following claims:

Claim One:    In the first claim, Prosise argues that his attorney provided ineffective assistance of counsel by failing to object to: (1) the United States' decision to not request a reduction pursuant to U.S.S.G. § 2D1.1(b)(11) and U.S.S.G. § 5C1.2 and (2) the United States' failure to move for a downward departure based on substantial assistance. With regard to this first claim, Prosise claims that the United States "violated the plea agreement" and that "retained counsel made no effect [sic] to enforce the plea agreement."

Claim Two:    In the second claim for relief, Prosise contends that his counsel provided ineffective assistance by failing to file an appeal "after being told to do so."

(§ 2255 Mot. 5. (capitalization corrected).)

On July 18, 2011, by Memorandum Opinion and Order, the Court dismissed Claim One as being without merit and referred Claim Two to a United States Magistrate Judge for an evidentiary hearing.[1] (Docket Nos. 37, 38.) On November 15, 2011, Prosise, through counsel, filed a Motion to Dismiss seeking to voluntarily withdraw the § 2255 Motion. (Docket No. 50.) The Government has responded stating that it has no objection to Prosise's Motion to Dismiss. (Docket No. 51.)

Accordingly, Prosise's Motion to Dismiss (Docket No. 50) will be GRANTED. Claim One will be DISMISSED WITH PREJUDICE and Claim Two will be DISMISSED WITHOUT PREJUDICE. Prosise's § 2255 Motion (Docket No. 29) will be DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

---

[1] Whether the dismissal of Claim One was to be with or without prejudice was to be decided after Claim Two was resolved. (Docket No. 38.)

2

proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Prosise has not satisfied this standard. Accordingly, the Court will DENY a certificate of appealability.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 21, 2011
Richmond, Virginia

3